SIGNED.

Dated: January 9, 2013

**James M. Marlar, Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:                                         ) Chapter 11
                                               )
VAL-MID ASSOCIATES, L.L.C.,                    ) No. 4:12-bk-20519-JMM
                                               )
                Debtor.                  ) **MEMORANDUM DECISION**

A hearing was conducted on December 11, 2012 on confirmation of the Debtor's Plain of Reorganization dated September 28, 2012 (ECF No. 32), as modified (ECF No. 85). The Amended Report of Ballots (ECF No. 112) showed Class 2–Secured [real and personal property] Tax Claims of Pima County, as the only consenting noninsider class. Attorneys for creditor Canyon Community Bank ("CCB") argued that the plan failed the threshold cram-down requirements of § 1129(a)(1) and (a)(10) because no *impaired* consenting class had voted in favor of the plan. Debtor's attorney maintained that Class 2 was impaired. Thus, the legal issue arose whether the only consenting class -- Class 2 Secured Tax Claims -- qualified as an impaired class. This is a question of law. See In re L & J Anaheim Assocs., 995 F.2d 940, 942 (9th Cir. 1993).

After considering the arguments of counsel, the pleadings, including supplemental briefs, and the law, the Court concludes and orders as follows.

## Plan Treatment of Class 2

The plan provides the following treatment for the Class 2 secured tax claims pursuant to a stipulation (ECF No. 100) entered into between Debtor and Pima County:

> Class 2 (Secured Tax Claims):
>
> Holders of Allowed Class 2 Claims will retain their liens on any Assets of the Debtor that serve as security for repayment of Allowed Class 2 Claims. The Allowed Class 2 Secured Tax Claims of Pima County (Claim Dkt. #4, 5, 6, and 7) will be paid by CCB upon the transfer of the Stations to CCB. In the event that CCB fails to pay the Allowed Class 2 Secured Tax Claims of Pima County upon the transfer of the Stations to CCB, then Pima County will be free to exercise all of its rights and remedies with respect to the Stations, including foreclosure of the tax liens on the real and personal property that comprise the Stations. Class 2 Claims are impaired, and holders of Allowed Class 2 Claims will be entitled to vote to accept or reject the Plan.

With regards to transfer to CCB, Section 6.2 (Class 3) provides that "[o]n the Effective Date, the Debtor shall execute and deliver a quit claim deed to CCB transferring title to the Stations to CCB, subject to all existing liens, including but not limited to all Allowed Priority Tax Claims."

In other words, the plan shifts the payment of the taxes to CCB, the secured creditor. Furthermore, CCB is under no obligation to pay the taxes and apparently has signed no agreement to do so. Because Pima County will retain its liens, as well as all rights and remedies with respect to enforcement of its liens, its statutory rights, under Arizona law, remain the same, and unaltered.

## Class 2 is Not an Impaired Class

In the case of a nonconsensual, cram-down plan, at least one non-insider class of claims that is impaired must accept the plan. 11 U.S.C. § 1129(a)(10).

The parties disagree on whether a secured tax claim can be an impaired class pursuant to § 1123. This section provides for classes of claims "other than claims of a kind specified in

section . . . . 507(a)(8)," which pertains to *unsecured* priority tax claims. Preferential treatment for such claims is statutorily protected by § 1129(a)(9)(C). In 2005, however, under BAPCPA, Congress added § 1129(a)(9)(D) in order to provide the same protection (afforded in § 1129(a)(9)(C)) for secured tax claims which would otherwise meet the description of an unsecured claim under § 507(a)(8).

There is a split of authority on the issue, with no definitive Ninth Circuit precedent. The Court does not need to decide whether or not a secured tax claim can achieve class status for voting purposes, because Class 2 is, nonetheless, unimpaired.

Impairment is defined, in relevant part, in § 1124(1), which provides that "a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan ... leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." Both parties agree that in our Circuit impairment is defined very broadly and includes "any alteration of the rights . . . even if the value of the rights is enhanced." L&J Anaheim Assocs., 995 F.2d at 942 (citation omitted).

Here, the plan does not actually "treat" (or pay) the Class 2 claims, except to provide that it will retain its liens and then to shift responsibility for the payment of the taxes to CCB. However, the Debtor lacks standing to speak for CCB. Since the plan preserves Pima County's full rights and remedies to collect the taxes via statutory foreclosure of its liens in the event CCB fails to pay them, its rights have not been altered or changed.

Here, the first halves of the taxes were due under state law on November 1, 2012, and the transfer of the property to CCB would take place on the Effective Date. Debtor cites a case where the alteration of payment due dates for a classified secured tax claim, which deviated from the statutory treatment under § 1129(a)(9)(C), was determined to constitute impairment. See In re Greenwood Point, LP, 445 B.R. 885, 906-07 (Bankr. S.D. Ind. 2011). Interestingly, the Greenwood Point court's springboard of reasoning was that the statutory language was itself an impairment of the taxing authority's state law payment rights. Id. at 907. Thus, Greenwood Point is clearly on the *opposite* end of case law that holds that a tax claimant, whether secured or unsecured priority, is *not* an impaired class that can accept a plan and bind other truly impaired creditors to a cram

down. See In re Bryson Props., XVIII, 961 F.2d 496, 501 n.8 (4th Cir. 1992) ("We agree that priority tax claimants, which receive preferential treatment under the Code (*see* 11 U.S.C. § 1129(a)(9)(C)), are not an impaired class that can accept a plan and bind other truly impaired creditors to a cram down."); In re Mangia Pizza Invs., LP, 480 B.R. 669, 678 (Bankr. W.D. Tex. 2012) (holding that a secured tax claim could not qualify as an impaired class for purposes of cram down because tax claimants are guaranteed preferential treatment under § 1129(a)(9)(C)) .

Furthermore, there was a true impairment in Greenwood Point, because the plan provided that, prior to full payment of the claim, the real estate would vest in the reorganized debtor free and clear of liens, including the tax lien. 445 B.R. at 907.

Here, Debtor's plan does nothing to alter the payment due dates, because Debtor is not paying the claim through the Plan. Upon transfer of the property, Debtor does not, and cannot, guarantee payment by CCB on the Effective Date. For this reason, the plan explicitly provides that Pima County's lien rights are left unaltered.[1]

Based on the foregoing analysis, the Court concludes that the plan does not alter Pima County's rights associated with its tax claims, and that Class 2 is therefore not an impaired accepting class. Therefore, the Debtor's plan cannot be confirmed.

A separate order will be entered which denies confirmation of the Plan of Reorganization Dated September 28, 2012, as modified. Any appeal must be filed within 14 days after entry of that order. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

---

[1] Debtor maintains that, logically, CCB–which is receiving treatment in express compliance with the Bankruptcy Code and retaining its lien rights under state law–would be similarly unimpaired and would be deemed to accept the plan under § 1126(f). While CCB's treatment is not at issue, the court notes that CCB would be taking the property subject to the liens.

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

Attorneys for Debtor
Attorneys for Canyon Community Bank
Attorneys for Pima County
Office of the United States Trustee